**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV14-01409-DMG (JEMx) |
| Plaintiff, | **PRELIMINARY INJUNCTION** |
| vs. | |
| FLEET MUTUAL WEALTH LIMITED, and, MWF FINANCIAL LIMITED, d/b/a MUTUAL WEALTH, | |
| Defendants, | |
| and | |
| RISORT PARTNERS, INC., HULLSTAR CAPITAL LLP, CAMBER ALLIANCE LLP, KIMROD ESTATE LLP, and MIDLCORP TRADE LTD., | |
| Relief Defendants. | |

This matter came before the Court upon the Order to Show Cause Why a Preliminary Injunction Should Not Be Granted. [Doc. # 18.] On March 17, 2014, the Court held a hearing on the matter. By Order dated March 17, 2014, the Court granted Plaintiff Securities and Exchange Commission's Application for a Preliminary Injunction.

-1-

Accordingly, IT IS HEREBY ORDERED as follows:

**I.**

Defendants Fleet Mutual Wealth Limited and MWF Financial Limited, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise (including any bank, financial institution or brokerage firm, or third-party payment processor identified in Parts V and VI below), and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    C.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

**II.**

Defendants Fleet Mutual Wealth Limited and MWF Financial Limited, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of

this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

Defendants Fleet Mutual Wealth Limited and MWF Financial Limited, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

Except as otherwise ordered by this Court, the website www.mutualwealth.com shall be deactivated. In furtherance of this Order, Defendants Fleet Mutual Wealth Limited and MWF Financial Limited, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, are directed to deactivate the www.mutualwealth.com website so that it is not viewable by any Internet users. Defendants shall not substantially duplicate elsewhere on the Internet the content of www.mutualwealth.com.

**V.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Fleet Mutual Wealth Limited and MWF Financial Limited, and Relief Defendants Risort Partners, Inc., Hullstar Capital LLP, Camber Alliance LLP, Kimrod Estate LLP, and Midlcorp Trade Ltd., and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property obtained through the alleged violation of Section 5 of the Securities Act, 15 U.S.C. § 77e, violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), or a violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or Relief

Defendants, or their subsidiaries and affiliates to the extent based on funds obtained through the alleged violation of the above-mentioned statutes.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor (including but not limited to those commercially known as SolidTrust Pay, EgoPay, and Perfect Money), all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Fleet Mutual Wealth Limited and/or MWF Financial Limited and/or Relief Defendants Risort Partners, Inc., Hullstar Capital LLP, Camber Alliance LLP, Kimrod Estate LLP, and/or Midlcorp Trade Ltd., including but not limited to the accounts listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| ABLV Bank | Camber Alliance LLP | xxxx xxxx xxxx xxxx xx95 5 |
| ABLV Bank | Kimrod Estate LLP | xxxx xxxx xxxx xxxx xx38 3 |
| ABLV Bank | Midlcorp Trade Ltd | xxxx xxxx xxxx xxxx xx44 4 |
| Bank of Cyprus | MWF Financial Limited | xxxx xxxx 7711 |
| JSC Rietumu Banka | Hullstar Capital LLP | xxxx xxxx xxxx xxxx xx55 2 |
| Bank Pekao SA | MWF Global Group S.A. | -----------------------1285 |
| Citadele Bank | UAB Ekspres Services | LTXXXXXXXXXXXXXXXX026 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of Cyprus | Mutual Wealth | XXXXXXXXX458 |
| Bank of Cyprus | Mutual Wealth | XXXXXXXXX711 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except as otherwise ordered by this Court.

## VII.

Except as otherwise ordered by this Court, each of the Defendants Fleet Mutual Wealth Limited and MWF Financial Limited and Relief Defendants Risort Partners, Inc., Hullstar Capital LLP, Camber Alliance LLP, Kimrod Estate LLP, and Midlcorp Trade Ltd., and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Fleet Mutual Wealth Limited and MWF Financial Limited or Relief Defendants Risort Partners, Inc., Hullstar Capital LLP, Camber Alliance LLP, Kimrod Estate LLP, and Midlcorp Trade Ltd.

## VIII.

In addition to the methods of service described in Rule 4 of the Federal Rules of Civil Procedure, which the Commission shall attempt, service of all pleadings and other papers, including the Court's Order granting the Application for Preliminary Injunction,

this Order re Preliminary Injunction, all documents filed in support thereof, and all other documents to be served in this action, may be made by serving such documents as follows:

(1) As to Defendant Fleet Mutual Wealth, by email to Mikhael R. Salmon at m.salmon@mutualwealth.com.

(2) As to Relief Defendants Risort Partners, Inc., Hullstar Capital LLP, Camber Alliance LLP, Kimrod Estate LLP, and Midlcorp Trade Ltd., by FEDEX or UPS, signature required, at their registered addresses.

(3) The Commission may serve Defendant MWF Financial Limited by registered or certified mail to the Secretary of the Commission without need to attempt service by means described in Rule 4 of the Federal Rules of Civil Procedure.

## IX.

The Commission's application for expedited discovery concerning Defendants and Relief Defendants, their assets and activities, is granted and, commencing with the date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

(A) Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As to the Defendant and Relief Defendants, and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank accounts identified above, the Commission may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the Commission's application for preliminary injunction.

(B) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant and Relief Defendant shall answer the Commission's interrogatories within three days of service of such interrogatories upon Defendant or Relief Defendant.

(C) Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant and Relief Defendant shall produce all documents requested by the Commission within three days of service of such request, with production of the documents made to Melissa Armstrong, U.S. Securities and Exchange Commission, or such person or place as counsel for the Commission may direct in writing.

(D) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant and Relief Defendant shall respond to the Commission's requests for admissions within three days of such requests; and

(E) All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Commission to the attention of Melissa Armstrong, or such other place and person as counsel for the Commission may direct in writing.

## X.

This Court retains jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: March 17, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE