JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  vs.<br><br>FLEET MUTUAL WEALTH LIMITED, and, MWF FINANCIAL LIMITED, d/b/a MUTUAL WEALTH,<br><br>       Defendants,<br><br>  and<br><br>RISORT PARTNERS, INC., HULLSTAR CAPITAL LLP, CAMBER ALLIANCE LLP, KIMROD ESTATE LLP, and MIDLCORP TRADE LTD.,<br><br>       Relief Defendants. | Case No. CV 14-01409 DMG (JEMx)<br><br>**JUDGMENT** |

1  This matter came before the Court on consideration of Plaintiff Securities and
2  Exchange Commission's motion pursuant to Rule 55(b) of the Federal Rules of Civil
3  Procedure for default judgment against Defendants Fleet Mutual Wealth Limited and
4  MWF Financial Limited, d/b/a Mutual Wealth (collectively, "Defendants") and
5  against Relief Defendants Risort Partners, Inc., Hullstar Capital LLP, Camber
6  Alliance LLP, Kimrod Estate LLP, and Midlcorp Trade Ltd. (collectively, "Relief
7  Defendants").   [Doc. # 40.]   The Court granted Plaintiff's motion for default
8  judgment on August 21, 2014.  [Doc. # 44.]

9  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

**I.**

11  Judgment is ENTERED in favor of the Commission and against all Defendants
12  and Relief Defendants.

**II.**

14  Defendants and their officers, agents, servants, employees, attorneys,
15  subsidiaries and affiliates, and those persons in active concert or participation with
16  any of them, who receive actual notice of this Order, by personal service or
17  otherwise, are hereby permanently restrained and enjoined from, directly or
18  indirectly, in the absence of any applicable exemption:

19  A.  unless a registration statement is in effect as to a security, making use of
20  any means or instruments of transportation or communication in
21  interstate commerce or of the mails to sell such security through the use
22  or medium of any prospectus or otherwise;
23  B.  unless a registration statement is in effect as to a security, carrying or
24  causing to be carried through the mails or in interstate commerce, by any
25  means or instruments of transportation, any such security for the purpose
26  of sale or for delivery after sale; or
27  C.  making use of any means or instruments of transportation or
28  communication in interstate commerce or of the mails to offer to sell or

1

offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## III.

Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are hereby permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are hereby permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

      A.      employing any device, scheme or artifice to defraud;

      B.      making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      C.      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

The websites www.mutualwealth.com and www.mutualinvestment.net shall be permanently deactivated.  Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, are directed to deactivate the www.mutualwealth.com and www.mutualinvestment.net websites so that they are not viewable by any Internet users.  Defendants shall not substantially duplicate elsewhere on the Internet the content of www.mutualwealth.com or www.mutualinvestment.net.

## VI.

Defendants and Relief Defendants shall pay disgorgement of ill-gotten gains and prejudgment interest in the following amounts:

- Camber Alliance, jointly and severally with Risort Partners, Hullstar, and Defendants – disgorgement of $36,930 and prejudgment interest of $927.98, for a total of $37,857.98;

- Kimrod Estate, jointly and severally with Risort Partners, Hullstar, and Defendants – disgorgement of $187,600 and prejudgment interest of $4,240.99, for a total of $191,840.99;

- • MidlcorpTrade, jointly and severally with Risort Partners, Hullstar and Defendants - disgorgement of $24,650 and prejudgment interest of $493.51, for a total of $25,143.51;

- • Risort Partners, jointly and severally with Mutual Wealth - disgorgement of $4,440 and prejudgment interest of $88.09, for a total of $ 4,528.09;

- • Defendants, jointly and severally - disgorgement of $1,370,011.22 and prejudgment interest of $16,346.96, for a total of $1,386,358.18.

Defendants and Relief Defendants shall satisfy these obligations by paying the full amount of net disgorgement and prejudgment interest within ten business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington, DC 20549, and shall be accompanied by a letter identifying the Defendant or Relief Defendant making such payment as a party to this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Judgment.  Defendants and Relief Defendants shall simultaneously mail a copy of the letter and payment to Melissa Armstrong, 100 F Street, NE, Stop 5985, Washington, DC 20549.  Defendants and Relief Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

Fleet Mutual Wealth Limited and MWF Financial Limited, d/b/a Mutual Wealth, collectively, shall pay a civil penalty in the amount of $2,325,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).  Defendants shall make this payment within ten business days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

4

Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington, DC 20549, and shall be accompanied by a letter identifying the Defendant making such payment as a party to this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Judgment.  Defendants shall simultaneously mail a copy of the letter and payment to Melissa Armstrong, 100 F Street, NE, Stop 5985, Washington, DC 20549.    Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

This Judgment disposes of all parties legally before the Court and of all issues made by the pleadings between such parties and is immediately final and appealable.


Dated:  August 21, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE


**cc: Fiscal Services**